**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**MICHAEL SWISHER,**

        **Plaintiff,**

                                    **Civil Action 2:25-cv-00434**

**v.**                              **District Judge Edmund A. Sargus**

                                    **Magistrate Judge Kimberly A. Jolson**

**APEX MARKETING MANAGEMENT
INC., et al.,**

        **Defendants.**

**<u>OPINION & ORDER</u>**

Before the Court is Plaintiff's Motion to Compel (Doc. 63).  For the following reasons, the Motion is **GRANTED**.

### I.    BACKGROUND

Elsewhere, the Court has described the alleged events giving rise to this Complaint.  (*See* Doc. 39 at 1–4; Doc. 54 at 1–3).  Relevant here, the parties have struggled to collaborate on discovery without Court guidance.  (*See, e.g.*, Docs. 16, 44).  Most recently, Plaintiff contacted the Court about a dispute primarily over documents.  The Court set a deadline by which Plaintiff should bring a motion to compel.  (Doc. 62).  The Order included an expedited deadline for Defendants' response and a reply procedure.  (*Id.* (setting Defendants' deadline to July 17, 2026)).  Plaintiff filed his Motion, but Defendants did not respond by their deadline.  Thus, the Court considers the Motion ready for review.

### II.    STANDARD

Federal of Civil Procedure Rule 26(b) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."  Fed. R. Civ. P. 26(b)(1).  "While relevancy is broad, 'district courts have

discretion to limit the scope of discovery [when] the information sought is overly broad or would prove unduly burdensome to produce.'" *Plain Local Sch. Dist. Bd. of Educ. v. DeWine*, 335 F.R.D. 115, 119 (N.D. Ohio 2020) (alteration in original) (quoting *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007). At base, "the scope of discovery is within the sound discretion of the trial court." *Stumph v. Spring View Physician Practices, LLC*, No. 3:19-CV-00053-LLK, 2020 WL 68587, at *2 (W.D. Ky. Jan. 7, 2020) (quotation marks and citations omitted).

For its part, Federal Rule of Civil Procedure 37, allows for a motion to compel discovery when a party fails to answer an interrogatory submitted under Rule 33 or to provide proper responses to requests for production of documents under Rule 34. *See* Fed. R. Civ. P. 37(a)(1), (3). "The proponent of a motion to compel discovery bears the initial burden of proving that the information sought is relevant." *Gruenbaum v. Wernet Enters., Inc.*, 270 F.R.D. 298, 302 (S.D. Ohio 2010) (citation omitted). If so, "the burden shifts to the non-movant to show that to produce the information would be unduly burdensome." *Fanty v. Greater Dayton Premier Management*, No. 3:23-cv-298, 2025 WL 1207667, at *2 (S.D. Ohio Apr. 25, 2025) (quoting *CSX Transp., Inc. v. Columbus Downtown Dev. Corp.*, No. 2:16-cv-557, 2019 WL 1760069, at *4 (S.D. Ohio Apr. 22, 2019)). If the Court grants a motion to compel, Rule 37 provides "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). The Court should not order payment, however, if the moving party did not attempt in good faith to obtain the discovery before filing the motion; if the opposing party's nondisclosure or non-response was substantially justified; or if other circumstances make an award of expenses unjust. *Id.*

2

### III.    DISCUSSION

Plaintiff seeks an order compelling Defendants Apex Marketing Management Inc. ("Apex"), Scott Patterson, and Cody Stokes to produce five categories of documents and respond to one interrogatory.  (Doc. 63).  The requests ask Defendants to:

- Produce Apex bank statements from 2021 and October, November, and December 2025.

- Produce invoices related to any payments made to CoGo Social Marketing, LLC (aka CoGo Group, LLC), Fortis Group, LLC, Ohana Financial, LLC, 3 Bee Marketing LLC, and Colmar Capital, LLC from 2021 through 2025.

- List all businesses in which Patterson holds an ownership interest which use, or used, 201 North Franklin Street, Tampa, Florida, as their registered principal address.

- Produce all bank statements and tax returns for Fortis Group, LLC and Ohana Financial, LLC from 2021 through 2025.

- Produce all documents and communications related to Apex's $850,000.00 payment to Sharon Pidgeon on December 15, 2022, and if they represent that no documents or communications exist, to identify the search protocol they employed.

- Produce all documents and communications related to Plaintiff's termination, and if they represent that no documents or communications exist, to identify the search protocol they employed.

(*Id.* at 1; *see also* Doc. 63-4).  Plaintiff submits that the requests are relevant to his claim against Defendants Patterson and Stokes for breach of fiduciary duty. (Doc. 63 at 7–10).

Defendants did not respond to counter Plaintiff's relevancy showing.  This matters  because Local Rule 7.2(a)(2) provides that "[f]ailure to file a memorandum in opposition may result in the granting of any motion that would not result directly in entry of final judgment or an award of attorneys' fees[.]"  S.D. Ohio Civ. R. 7.2(a)(2).  Courts within this District routinely treat motions to compel to which no responses are filed as unopposed.  *See, e.g.*, *Wesel v. Certus Healthcare Mgmt., LLC*, No. 2:23-CV-1479, 2025 WL 1928081, at *3 (S.D. Ohio July 14, 2025), *objections*

3

*overruled*, No. 2:23-CV-1479, 2025 WL 2426606 (S.D. Ohio Aug. 20, 2025); *Fanty*, 2025 WL 1207667, at \*3; *Ross v. Am. Red Cross*, No. 2:09-cv-905, 2012 WL 12925813, at \*1 (S.D. Ohio Feb. 2, 2012); *United States v. $34,929.00 in U.S. Currency*, No. 2:09-cv-734, 2012 WL 4006681, at \*1–2 (S.D. Ohio Sept. 12, 2012); *Joseph v. Hampton*, No. 2:15-cv-85, 2015 WL 9460572, at \*1 (S.D. Ohio Dec. 28, 2015); *see also Kendle v. Whig Enters., LLC*, No. 2:15-cv-1295, 2016 WL 898569, at \*4 (S.D. Ohio Mar. 9, 2016) ("Ordinarily, an unopposed motion to compel would be granted.").

So too here.  Because Defendants wholly failed to respond to Plaintiff's Motion by the Court-ordered deadline, the Court treats Plaintiff's Motion as unopposed.  Consequently, the Court finds the Motion should be granted in its entirety on this basis alone.

Still more, the Motion succeeds on the merits.  Procedurally, Plaintiff's requests were propounded before the fact discovery deadline, and he explained his conferral efforts with Defendants to resolve this issue without Court intervention.  (*See, e.g.*, Doc. 63 at 5–6; Doc. 63-2).  Substantively, the Court agrees with Plaintiff that the requests seek information and documents relevant to the claims in this matter.  (Doc. 63 at 7–10).  Additionally, they "are not patently improper." *Fanty*, 2025 WL 1207667, at \*3.  And given Defendants' failure to respond to the Motion, nothing in the record rebuts Plaintiff's relevancy showing or suggests that the discovery sought is too burdensome or harmful to produce.  *O'Malley*, 311 F.R.D. at 462.  Consequently, Defendants must respond to Plaintiff's requests.  They are **ORDERED** to do so **within fourteen (14) days**.

Plaintiff also asks that the Court order Defendants to pay his reasonable expenses incurred in making the Motion, including attorney's fees.  (Doc. 63 at 10).  As noted above, Rule 37 requires the Court to assess reasonable expenses including attorney's fees against Defendants under these

circumstances, after giving them an opportunity to be heard, unless certain criteria are met.  Fed. R. Civ. P. 37(a)(5)(a).  Given Defendants non-response, the Court intends to assess expenses and fees.

Plaintiff is **ORDERED** to file an accounting of reasonable expenses and attorney's fees associated with the Motion **within fourteen (14) days**.  Defendants shall have **seven (7) days** to respond.  No reply will be permitted absent leave of Court.  Plaintiff is **REMINDED** of his obligation to provide the Court with "evidence supporting the hours worked and rates claimed" and to show the requested fee award is "reasonable." *See, e.g.*, *Perry v. AutoZone Stores, Inc.*, 624 F. App'x 370, 372 (6th Cir. 2015).

## IV.    CONCLUSION

For the forgoing reasons, Plaintiff's unopposed Motion to Compel is **GRANTED**.  (Doc. 63).  Defendants are **ORDERED** to respond to the relevant discovery requests **within fourteen (14) days**.  Plaintiff is **ORDERED** to file an accounting of reasonable expenses and attorney's fees associated with the Motion **within fourteen (14) days**.

IT IS SO ORDERED.

Date:   July 22, 2026                                          /s/ Kimberly A. Jolson
                                                                       KIMBERLY A. JOLSON
                                                                       UNITED STATES MAGISTRATE JUDGE