**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**MICHAEL SWISHER,**

**Plaintiff,**

**v.**

**Civil Action 2:25-cv-00434**
**District Judge Edmund A. Sargus**
**Magistrate Judge Kimberly A. Jolson**

**APEX MARKETING MANAGEMENT INC., et al.,**

**Defendants.**

**OPINION & ORDER**

Before the Court is Plaintiff's accounting of attorney's fees. For the following reasons, the Court **GRANTS** Plaintiff's request for reasonable expenses and attorney's fees incurred in connection with his motion to compel.

## I. BACKGROUND

Elsewhere, the Court has described the alleged events giving rise to this Complaint. (*See* Doc. 39 at 1–4; Doc. 54 at 1–3). Relevant here, Plaintiff recently filed a motion to compel Defendants to respond to certain discovery requests. (Doc. 64). Defendants did not oppose the motion, and the Court granted it. (Doc. 64). In that Opinion and Order, the Court indicated its intention to assess expenses and fees against Defendants. (*Id.* at 5). The Court ordered Plaintiff to file an accounting of reasonable expenses and attorney's fees associated with the motion to compel and provided Defendants time to be heard. (*Id.*). That issue is ready for the Court's consideration. (Docs. 65, 67).

## II. STANDARD

Federal Rule of Civil Procedure 37 allows for a motion to compel discovery when a party fails to answer an interrogatory submitted under Rule 33 or to provide proper responses to requests

for production of documents under Rule 34. *See* Fed. R. Civ. P. 37(a)(1), (3). If the Court grants a motion to compel, Rule 37 provides "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). The Court should not order payment, however, if the moving party did not attempt in good faith to obtain the discovery before filing the motion; if the opposing party's nondisclosure or non-response was substantially justified; or if other circumstances make an award of expenses unjust. *Id.*

To determine what is a reasonable fee, courts typically employ the "lodestar method," which involves multiplying "the number of hours reasonably expended on the litigation . . . by a reasonable hourly rate." *Martinez v. Blue Star Farms, Inc.*, 325 F.R.D. 212, 220–221 (W.D. Mich. 2018) (collecting cases). "While there is a strong presumption that this lodestar figure represents a reasonable fee . . . the movant bears the burden of providing that the number of hours expended and the rates claimed were reasonable." *Asamoah v. Amazon.com Servs., Inc.*, No. 2:20-cv-3305, 2021 WL 2934711, at *1 (S.D. Ohio July 13, 2021) (internal quotations and quotation marks omitted). Ultimately, the reasonableness of an award of fees under Rule 37 is soundly within the Court's discretion. *See PepsiCo v. Cent. Inv. Corp., Inc.*, 216 F.R.D. 418 (S.D. Ohio 2002) (noting that awards of fees under Rule 37 are reviewed for abuse of discretion); *Spizizen v. Nat'l City Corp.*, 516 F. App'x 426, 431 (6th Cir. 2013) (holding that courts have discretion under Rule 37 in awarding sanctions and determining the appropriate amount).

## III. DISCUSSION

In total, Plaintiff seeks $5,310.50 in reasonable expenses and attorney's fees. (Doc. 65). This includes 0.9 hours at a rate of $525.00 per hour for work done by Partner Shawn Organ, and 16.4 hours at a rate of $295.00 per hour for work completed by Associate James Pfeiffer. (*Id.*; *see also* Doc. 65-1 (billing records)). Plaintiff submits that the rates charged and the hours billed were

reasonable. (Doc. 65). The Court agrees on both counts.

**A. Reasonable Rate Determination**

Beginning with the rates charged, Plaintiff asserts that rates of $525.00 per hour for a partner with 37 years of experience and $295.00 per hour for an associate with 5 years of experience are below the market rate in this District. (Doc. 65 at 2). Importantly, Defendants do not argue otherwise. (Doc. 67). In determining a reasonable hourly rate, courts should "assess the prevailing market rate in the relevant community." S*mith v. Serv. Master Corp.*, 592 F. App'x 363, 369 (6th Cir. 2014) (citation modified); *Davita Inc. v. Marietta Mem'l Hosp. Emp. Health Benefit Plan*, No. 2:18-CV-1739, 2024 WL 4783910, at *2 (S.D. Ohio Nov. 14, 2024). On review, the Court finds the unopposed rates requested are reasonable when compared to rates approved for partners and associates with analogous experience in the Southern District of Ohio. *See, e.g.*, *Davita Inc.*, 2024 WL 4783910, at *4 (approving a $725 per hour partner rate for a partners with over 20 years of experience and a $480 per hour associate rate for an associate with six years of experience); *JJ Rods LLC v. Horchen*, No. 2:23-cv-3052, 2024 WL 4134852 (S.D. Ohio Sept. 10, 2024) (approving an hourly rate of $620 for a partner); *QFS Transp., LLC v Murphy*, No. 1:21-cv-770, 2023 WL 2785589, at *3 (S.D. Ohio Jan. 19, 2023) (approving an hourly rate of $600 for partners and $385 for an associate with five years of experience).

**B. Reasonable Hours Determination**

Plaintiff next argues that the hours billed—including 12.8 hours spent drafting the motion to compel—were reasonable. (Doc. 65 at 3–4). While he acknowledges that the drafting time was relatively "significant," Plaintiff notes that his counsel understood—based on Defendants' counsel's representations—that the motion would be opposed. (*Id.* at 3). Therefore, Plaintiff attributes the 12.8 hours Attorney Pfeiffer spent drafting and editing the motion to compel to his

"extensive review and summary of discovery requests and related correspondence." (*Id.*). In Plaintiff's words, counsel put in this work to "provide a comprehensive background and support that Plaintiff had worked 'in good faith to obtain the disclosure or discovery without court action[,]' and that the Defendants' refusal to provide documents and responses to the discovery requests was not "substantially justified[.]" (*Id.*). Plaintiff also submits the drafting time covered "attention to demonstrating the relevance of each of the six categories of discovery sought," which involved summarizing other discovery in this case, preparing supporting exhibits, and researching case law about breach of fiduciary duty. (*Id.*).

Defendants push back on the time billed for drafting the motion. (Doc. 67). They point out that 12.8 hours drafting and editing breaks down to about an hour and a half per page, which, in their view, is "excessive." (*Id.* at 1). Defendants also quibble with Plaintiff's billing entries, arguing that they lack enough detail to verify their credibility. (*Id.*). Defendants argue that the drafting time should be reduced by half—to 6.4 hours. (*Id.* at 2).

Concerning the reasonableness of hours expended, Plaintiff's attorneys "should be the first gatekeeper[s] . . . exercising the same billing judgment she would with one's client." *Hines v. DeWitt*, No. 2:13-cv-1058, 2016 WL 2342014, at *4 (S.D. Ohio May 4, 2016), *aff'd sub nom. Hines v. City of Columbus, Ohio*, 676 F. App'x 546 (6th Cir. 2017) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). The Court's focus is on "mixed questions about whether the lawyer used poor judgment in spending too many hours on some part of the case or by unnecessarily duplicating the work of co-counsel." *Coulter v. Tenn.*, 805 F.2d 146, 151 (6th Cir. 1986). Excessive, redundant, or otherwise unnecessary hours will not be counted. *Hensley*, 461 U.S. at 434.

Further, a "key requirement" for an attorney fees award is that "[t]he documentation

offered in support of the hours charged must be of sufficient detail and probative value to enable the court to determine with a high degree of certainty that such hours were actually and reasonably expended" on the parties' discovery dispute. *Imwalle v. Reliance Med. Prods., Inc.*, 515 F.3d 531, 553 (6th Cir. 2008) (citation omitted). "The Sixth Circuit has deemed itemized billing records sufficient where such records specify for each entry: (a) the date of billed time; (b) the individual recording the time; (c) the fractional hours billed; (d) the specific task completed; and (e) the information identifying the client." *Iron Workers Dist. Council of S. Ohio & Vicinity Benefit Tr. v. C&C Reinforcing LLC*, No. 3:22-CV-179, 2023 WL 7336188, at *2 (S.D. Ohio Nov. 7, 2023) (citation omitted). If the documentation is insufficient, the court may reduce the award. *Imwalle*, 515 F.3d at 553. Still, an attorney does not need to document tasks with "great detail" as long as the general subject matter is identified in the billing record. *Id.* (citations omitted).

The Court first concludes that Plaintiff's counsel's billing records provide sufficiently detailed descriptions of the work completed to determine with a high degree of certainty that the billed hours were actually and reasonably expended. The disputed records indicate Attorney Pfeiffer spent 7 hours drafting the motion to compel on July 5, 2026. (Doc. 65-1 at 1). Then the entry for the next day describes 5.8 hours spent continuing to draft, edit, and file the motion to compel. (*Id.*). The record also notes the activity is specific to Plaintiff's case. (*Id.* (identifying the client and the client matter number)). Records like this that provide the general nature of the tasks performed, even if brief, have been found sufficient for the purposes of attorney fees awards. *Cf. Imwalle*, 515 F.3d at 553–54 (finding a billing statement sufficient when it did not lump time entries together and where it identified the client, client matter number, and the "general nature of the tasks performed"); *Robinson v. Hilton Hosp., Inc.*, No. 1:04-CV-92-TSH, 2008 WL 11455040, at *6 (S.D. Ohio Sept. 30, 2008) (finding a billing entries sufficient where they identified the

"general subject matter of each entry," the time expended, and the attorney that performed the work); *Lopez v. Williamson Cnty.*, No. 3:24-CV-00245, 2026 WL 1068995, at *5 (M.D. Tenn. Apr. 20, 2026) (finding a billing entry for "work on motion" was not unduly vague). At base, billing entries need not be "explicitly detailed." *Robinson*, 2008 WL 11455040, at *6 (citation omitted).

Equally important, when considered in the context of this litigation—including the number and type of discovery requests at issue, the extent of counsels' correspondence on the dispute, and Plaintiff's counsel's understanding that the motion would be opposed—the Court finds that 12.8 hours spent drafting, editing, and filing the motion to compel was not unreasonable. The Court is not persuaded by Defendants' arguments to the contrary. The Court also finds the remainder of the time billed reasonable. Accordingly, the Court declines to adjust the fees award.

***

Because both the rates charged and the hours billed by Plaintiff's counsel in connection with his successful motion to compel were reasonable, the Court assesses an award of $5,310.50 against Defendants.

## IV. CONCLUSION

For the forgoing reasons, Plaintiff's request for reasonable expenses and attorney's fees is **GRANTED**. The Court assesses a total award of $5,310.50 against Defendants. Defendants are **ORDERED** to pay Plaintiff this amount w**ithin thirty (30) days of the date of this Order**.

IT IS SO ORDERED.

Date: August 14, 2026

/s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE