UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL SWISHER, | ) | CASE NO.: 2:25CV434 |
| | ) | |
| Plaintiff, | ) | JUDGE EDMUND A. SARGUS, JR. |
| | ) | |
| v. | ) | MAGISTRATE KIMBERLY A. JOLSON |
| | ) | |
| APEX MARKETING MANAGEMENT, INC. *et al.*, | ) | |
| | ) | |
| Defendants | ) | |

DEFENDANTS' RESPONSE TO THE AUGUST 10, 2026 SHOW CAUSE ORDER

Defendants produced the 2021 banks statements and the Bank Statement for Fortis Group, LLC and Ohana Financial, LLC. AIC Health, LLC's principal place of business is in New Jersey not in Florida. There are no documents associated with the Sharon Pidgeon transaction. All termination documents have been turned over.

Apex Marketing Management, Inc. ("Apex") was a three-member company. It is no longer operating. It had four employees. The three individual parties and Michael Swisher's son. Defendants have access to their own company email accounts, the company bank accounts, taxes, and whatever company documents they created themselves. There is no I.T. department. There are no servers or file cabinets. It is perfectly reasonable and expected that the parties would not save documents concerning the cancelled Sharon Pidgeon transaction years before litigation was contemplated. Everything else has been turned over.

I. 2021 Apex Bank Statements.

Defendants have produced the 2021 Apex bank statements. Defendants previously turned over the 2022 – 2025 bank statements including the October, November and December 2025 statements that were ordered. Since April, Defendants did not object to the request for the 2021 bank statements. Defendants have been working to turn over what that they can get their hands on. Defendants have now located and provided the requested 2021 statements.

Defendants have no reason to withhold this particular set of bank statements. Defendants previously turned over the other statements and their ledger for 2021.

II. List all Businesses Patterson Holds an Ownership Interest Which Used 201 North Franklin Street as their principal address.

Scott Patterson does not own any businesses with 201 North Franklin Street as their principal address.

Scott Patterson stated that none of his companies used 201 North Franklin Street as their principal address. In response, Plaintiff argued that the Florida foreign entity registration for AIC Health, LLC lists 201 North Franklin Street as the company's principal address. This does not change Scott Patterson's answer. That is not the principal address of AIC Health, LLC.

A company's principal place of business is where its high level officers direct, control, and coordinate the corporation's activities. *Hertz Corp. v. Friend*, 559 U.S. 77, 80, (2010). For AIC Health, LLC that is in New Jersey, not Florida.

AIC Health, LLC is a Delaware company. (Exhibit A). Its principal place of business was listed at 10 Laurel Drive, Mullica Hill, NJ 08062. That is Scott Patterson's address. AIC Health, LLC registered as a foreign entity to transact business in Florida. Its statutory agent is 7901 4th St. N., Suite 300, St. Petersburg, FL 33701.

In July of 2024, AIC Health, LLC filled out an annual report with the mailing address 201 North Franklin Street. (Exhibit B). This is the address of the Tampa City Center. It is a much more impressive address than Scott Patterson's home. The address was chosen for that reason.

AIC Health, LLC does not have a principal place of business in Florida no matter what the Florida foreign registration form says. AIC Health, LLC is registered to do business in Florida as a foreign entity, and it changed its foreign registration mailing address from 10 Laurel Drive to 201 North Franklin Street. The Florida secretary of state website does not determine where a company's principal place of business is located.

For example, Apex is an Ohio company based in Columbus, Ohio. [Doc. 1 Pg. 2]. Apex's address is also listed as 201 North Franklin Street. That does not make Apex's principal place of business in Florida either.

The fact that AIC Health, LLC and Apex both list 201 North Fraklin Street as their address is not surprising. Scott Patterson filled out the forms. He put the same mailing address down for both companies. Neither business has its principal place of business in Florida. Scott Patterson is not an attorney. He did not make a legal conclusion concerning the principal place of business of AIC Health, LLC. He did not even consider AIC Health, LLC' principal place of business when he filled out the form. He filled out a Florida secretary of state foreign registration renewal form in order to give his company an impressive address.

Scott Patterson's answer to discovery in this case was, and remains, complete and accurate. He complied with this Court's order. He does not own any businesses with their principal place of business at 201 North Franklin Street and the Florida foreign registration form does not change this fact.

III. Bank Statement for Fortis Group, LLC and Ohana Financial, LLC.

Defendants have produced the bank statements for Fortis Group, LLC and Ohana Financial, LLC.

IV. Search Protocol for Apex's $850,000.00 payment to Sharon Pidgeon on December 15, 2022.

Scott Patterson and Cody Stokes reviewed every single accessible record of Apex looking for documents associated with the Sharon Pidgeon transaction. That is not as impressive as it sounds. Apex was a three-member company. It had four employees. The parties and Michael Swisher's son. Defendants have access to their own company emails, the company bank accounts, taxes, and whatever company documents they created themselves. There is no I.T. department. There are no servers or file cabinets. In order to get bank records, Defendants have to get them from the bank. They are not stored independently. Searching for documents means checking personal devices and email accounts for long-forgotten correspondence Defendants had no reason to save.

Scott Patterson searched his email account. The method he used was to search the word "Pidgeon" in four separate search categories. Those categories were sender, recipient, subject line, and body text, which his software refers to as keywords.

Cody Stokes made a similar email search. He used the same method but he searched "Sharon" and "Pidgeon."

Scott Patterson reviewed his personal computer's "documents" folder. He uses an apple computer. He performed a search for "Pidgeon" using the magnifying glass search feature.

Cody Stokes searched his person computer using the same method using both "Sharon" and "Pidgeon."

The Sharon Pidgeon transaction was handled by company lawyers who have since been terminated. Defendants relied upon former counsel to negotiate and prepare documents for this transaction. When the transaction was cancelled, Defendants did not ask former counsel to provide copies of the transaction documents that were not utilized. It would be strange if they did.

Defendants cannot be compelled to produce documents or other evidence that does not exist. *Watson v. Ohio Ambulance Solutions, LLC*, 2022 U.S. Dist. LEXIS 106910, at *9 (S.D.Ohio, June 13, 2022); *Solly v. Mausser*, 2017 U.S. Dist. LEXIS 158755, at *2 (S.D. Ohio Sept. 27, 2017) ("Defendants do not have a duty to create documents that do not exist simply to comply with a discovery request. The Court, therefore, cannot compel Defendants to produce documents that do not exist."); *Brown v. Warden Ross Corr. Inst.*, 2011 U.S. Dist. LEXIS 52246, at *5 (S.D. Ohio May 16, 2011) ("Defendants have represented that they do not have the information Plaintiff seeks. The Court cannot require them to produce what they do not have."); *Tolliver v. Liberty Mut. Fire Ins. Co*., 2008 U.S. Dist. LEXIS 96645, at * 2 (S.D. Ohio Nov. 17, 2008) ("A party cannot be compelled to produce documents which do not exist or which it does not possess or control.").

If Defendants had any Sharon Pidgeon documents, they would happily turn them over. The Sharon Pidgeon transaction was unremarkable. Defendants have not raised any objection to this request since April because this request is proportionate to the needs of the case. There is no reason to withhold these documents. They do not help or harm any of the parties in this litigation. Defendants simply do not have anything to turn over. If they did they would have turned them over already.

V. Documents and communications related to Plaintiff's termination.

On January 3, 2025 at 9:45am, Scott Patterson called Michael Swisher to terminate him. The call was approximately thirty seconds long. Scott Patterson said that the decision was based upon, performance deficiencies as Chief Business Development Officer, disruptive team dynamics, failure to execute compliance documents, resulting in penalties, technology-related shortcomings and hindering company growth through unauthorized client communications. Scott Patterson ended by saying that the legal team would be in touch regarding Plaintiff's exit package. It was mailed to Plaintiff and returned. (Exhibit C). A copy of this document has already been filed in this case. [Doc. #14 pg. 23-24]. The document was prepared and sent by former counsel.

Scott Patterson searched his email account. The method was to enter a series of keywords into four separate search categories. Those categories were sender, recipient, subject line, and body text. The keywords that he entered were "fire" "terminate" "employ" "dismiss" "sack" "job" "swisher" and "partner."

The purpose of a civil contempt citation, especially for violation of a discovery order, is to coerce an individual to produce the discovery. *United States v. Bayshore Assocs., Inc*., 934 F.2d 1391, 1400 (6th Cir. 1991). In this case, Defendants have produced everything except documents associated with the Sharon Pigeon transaction and additional communications related to Plaintiff's termination. The reason is Defendants do not have those documents if they even exist. It is impossible for Defendants to turn over documents they do not have. There is no way for Defendants to comply and punishing Defendants will not coerce them to do something they cannot do.

Respectfully submitted,

DINN, HOCHMAN & POTTER, LLC

/s/ *Andrew J. Yarger*

ANDREW J. YARGER (0086919)
6105 Parkland Boulevard, Suite 100
Cleveland, Ohio 44124
Telephone: (440) 446-1100
Facsimile: (440) 446-1240
E-Mail: ayarger@dhplaw.com

*Counsel for Defendants*

CERTIFICATE OF SERVICE

I certify that on August 17, 2026, a true and correct copy of Defendant's Response to Plaintiff's Accounting was served:

Via the court's Electronic Case Filing System on the entities and individuals who are listed on the court's Electronic Mail Notice List:

Shawn Organ and James Pfeiffer, on behalf of Plaintiff Michael Swisher at sjorgan@organlegal.com and jpfeiffer@organlegal.com

DINN, HOCHMAN & POTTER, LLC

/s/ *Andrew J. Yarger*

ANDREW J. YARGER (0086919)