UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL SWISHER, | ) | CASE NO.: 2:25CV434 |
| | ) | |
| Plaintiff, | ) | JUDGE EDMUND A. SARGUS, JR. |
| | ) | |
| v. | ) | MAGISTRATE KIMBERLY A. JOLSON |
| | ) | |
| APEX MARKETING MANAGEMENT, INC. *et al.*, | ) | |
| | ) | |
| Defendants | ) | |

DEFENDANTS' RESPONSE TO THE
AUGUST 10, 2026 SHOW CAUSE ORDER AGAINST ANDREW YARGER

Attorney Andrew Yarger ("Counsel") responds that he should not be held in contempt because he did not violate any order of this Court.

On August 10, 2026, this Court entered a show cause order that, "Defendants are ORDERED to SHOW CAUSE by August 17, 2026, why the Court should not impose sanctions on them and/or their attorney under Federal Rule of Civil Procedure 37." Counsel was not ordered to do anything by this Court and therefore cannot be in contempt of any order.

On July 22, 2026, this court ordered Defendants to respond to the relevant discovery requests within fourteen (14) days. Counsel was not mentioned in the order. Counsel was not ordered to respond to discovery. Defendants were ordered to respond and only Defendants can be in contempt by failing to comply with the Order. "'A litigant may be held in contempt if his adversary shows by clear and convincing evidence that he violated a definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order.'" *Metron Nutraceuticals, LLC v. Cook*, 2021 U.S. Dist. LEXIS

130718, at *3 (N.D. Ohio Jul. 14, 2021); quoting *NLRB v. Cincinnati Bronze, Inc*., 829 F.2d 585, 591 (6th Cir. 1987).

The purpose of a civil contempt citation, especially for violation of a discovery order, is to coerce an individual to perform an act. *United States v. Bayshore Assocs., Inc*., 934 F.2d 1391, 1400 (6th Cir. 1991). Respectfully, a contempt citation against Counsel due to Defendants' failure to comply with the Court's order would frustrate this purpose. If Counsel is going to be sanctioned for Defendant's failure to comply, Counsel's interests will be adverse to Defendants' interests, and Counsel must terminate the attorney-client relationship and withdraw from this matter. That will needlessly complicate this case and increase expenses. It will not get documents into Plaintiff's hands.

Counsel has not resisted discovery. Counsel has not interposed a single objection. Counsel has endeavored to produce documents. Every single document that has been provided to counsel has been turned over without delay. Counsel has not withheld anything. Counsel has continuously pushed to get every requested document into the hands of Plaintiff's counsel. There is nothing more that Counsel can do. "The finest attorneys in the world cannot coax blood from a stone." *Paterek v. Petersen & Ibold*, 2008-Ohio-2790, ¶ 31.

At Defendants' direction, counsel communicated to Plaintiff that the bank statements for Fortis Group, LLC and Ohana Financial, LLC would not be turned over because Plaintiff already possessed Apex's bank statements showing every payment made to these two entities. Counsel did not have these bank statements. Counsel had no way to get ahold of these statements. It was impossible for Counsel to comply with any order, even if Counsel had been mentioned in the order. Counsel provided the only response he received in a professional manner.

Counsel eventually received the bank statements for Fortis Group, LLC and Ohana Financial, LLC on August 17, 2026 at 6:02 PM. Counsel turned them over as soon as he received them. Counsel received the bank statements from Defendants after this Court ordered Defendants to pay Plaintiff's fees.

Counsel has a responsibility to abide by Defendants' direction within reason. When Defendants instruct that they will not turn over a document, despite warnings concerning the potential consequences, Counsel can only communicate Defendants' intention. Counsel has not engaged in offensive tactics and has treated all persons involved in this matter with courtesy and consideration. Counsel has not, and will not, make arguments or advance a position without a legitimate legal or factual basis. Counsel refused to interpose objections to discovery that are unfounded. Counsel can only act as a conduit for information he has received. Counsel was not corporate counsel to Defendants. Counsel has no independent knowledge of the facts and circumstances of this case. Counsel only has access to documents that have been provided to him by Plaintiff's counsel and Defendants.

On July 17, 2026, Counsel's father-in-law had a heart attack. Counsel's in-laws provide childcare assistance. Counsel was working from home with limited resources the week of July 20. Counsel was still able to instruct Defendants to provide the subject discovery. Counsel was told by Defendants that the documents would be produced the week of August 3. Counsel followed up with Defendants over and over with calls and emails. Counsel produced everything he received as soon as he received it. Counsel is unaware of anything he could possibly have done differently to comply with the Court's order, even if it had mentioned him. A contempt sanction against Counsel would but patently unjust.

Respectfully submitted,

DINN, HOCHMAN & POTTER, LLC

/s/ *Andrew J. Yarger*
ANDREW J. YARGER (0086919)
6105 Parkland Boulevard, Suite 100
Cleveland, Ohio 44124
Telephone: (440) 446-1100
Facsimile: (440) 446-1240
E-Mail: ayarger@dhplaw.com

*Counsel for Defendants*

CERTIFICATE OF SERVICE

I certify that on August 17, 2026, a true and correct copy of the foregoing was served: Via the court's Electronic Case Filing System on the entities and individuals who are listed on the court's Electronic Mail Notice List:

Shawn Organ and James Pfeiffer, on behalf of Plaintiff Michael Swisher at sjorgan@organlegal.com and jpfeiffer@organlegal.com

.

DINN, HOCHMAN & POTTER, LLC

/s/ *Andrew J. Yarger*
ANDREW J. YARGER (0086919)